UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BETH PEACOCK MULLER, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:22 CV 707 RWS ) ) |
| BLUE DIAMOND GROWERS, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Plaintiff Beth Peacock Muller ("Muller") filed this putative consumer protection class action suit in state court against Defendants Blue Diamond Growers ("Blue Diamond") and Does 1 through 10. Blue Diamond removed the case to this Court on July 1, 2022, asserting federal jurisdiction under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act) ("CAFA"). Muller filed a motion to remand shortly thereafter. I have reviewed the parties' briefs and exhibits submitted in support and will deny Muller's motion.

## BACKGROUND

Muller alleges that Blue Diamond has engaged in deceptive marketing of its "Smokehouse Almond" products. Muller, who purchased a bag of the almonds in Missouri in May 2022, contends that Blue Diamond misrepresented the products and

1

misled consumers because the almonds are not actually made in a smokehouse and are instead made with liquid smoke flavoring. She brings four state law claims in her suit: (1) breach of warranty, (2) breach of implied contract, (3) unjust enrichment, and (4) violation of the Missouri Merchandising Practices Act ("MMPA").

In her petition, Muller requested compensatory damages, restitution, and attorneys' fees, and injunctive relief. She included the following stipulation:

> Although aggregate damages derived from just a percentage of the Product cost certainly will not exceed five million dollars ($5,000,000.00), nonetheless **PLAINTIFF, ON BEHALF OF HERSELF AND THE PURPORTED CLASS, HEREBY DISCLAIMS AND/OR ABANDONS ANY AND ALL RECOVERY EXCEEDING FIVE MILLION DOLLARS ($5,000,000.00).** Plaintiff and her counsel further stipulate as set forth in **Exhibit A**, hereto.

The attached Exhibit A further stated:

> Plaintiff, Beth Peacock Muller, individually through counsel, and Plaintiff's counsel, Daniel Harvath, as counsel in this lawsuit ("Action"), hereby jointly stipulate and affirm the following:
>
> - Plaintiffs will not recover, and completely disclaim recovery of, any combination of damages and/or attorneys' fees related to this Action meeting or exceeding $5,000,000.00;
> - If Plaintiff, Beth Peacock Muller, is replaced as named representative in this Action, Plaintiffs' counsel stipulates and affirms and covenants that any and all potential class representatives for this Action must similarly stipulate and affirm the above limitation of recovery;
> - Plaintiff and counsel intend for this Stipulation to continue to apply to, and bind, any other class members bringing any claim in this specific Action.

## LEGAL STANDARD

CAFA grants federal district courts original jurisdiction over class action suits if the aggregated matter in controversy exceeds the sum or value of $5,000,000; there is diversity of citizenship between at least one plaintiff and one defendant; and there are at least 100 members in the putative class. 28 U.S.C. § 1332(d); Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 592 (2013).

The party seeking removal and opposing remand bears the burden of establishing that federal subject matter jurisdiction exists. Waters v. Ferrara Candy Co., 873 F.3d 633, 636 (8th Cir. 2017). To meet this burden, the party must "establish not whether the damages [sought] *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." Pirozzi v. Massage Envy Franchising, LLC, 938 F.3d 981, 984 (8th Cir. 2019) (citation omitted). If the parties dispute the amount in controversy, "both sides submit proof and the court decides by a preponderance of the evidence whether the amount-in-controversy requirement has been satisfied." Dart Cherokee Basin Operating Co., LLC v. Owen, 574 U.S. 81, 87 (2014).

## ANALYSIS

In her motion to remand, Muller relies on Rolwing v. Nestle Holdings, Inc., 666 F.3d 1069, 1072 (8th Cir. 2012), in which the United States Court of Appeals for the Eighth Circuit held that a plaintiff's damages stipulation could defeat CAFA

3

jurisdiction. A year after Rolwing was decided, the United States Supreme Court held that a pre-certification damages stipulation "can tie [a plaintiff's own] hands, but it does not resolve the amount-in-controversy question" for purposes of determining whether CAFA jurisdiction exists. Standard Fire, 568 U.S. at 596. The Eighth Circuit has addressed the impact of Standard Fire on Rolwing on multiple occasions and has explicitly acknowledged that Rolwing is no longer good law. See Faltermeier v. FCA US LLC, 899 F.3d 617, 621 (8th Cir. 2018); Gibson v. Clean Harbors Envtl. Servs., Inc., 840 F.3d 515, 517 n.1 (8th Cir. 2016); CMH Homes, Inc. v. Goodner, 729 F.3d 832, 838 (8th Cir. 2013); Dalton v. Walgreen Co., 721 F.3d 492, 493 (8th Cir. 2013). Muller's reliance on Rolwing is therefore misplaced, and her argument that Standard Fire only "partially abrogates" Rolwing is inaccurate.

In any event, Muller contends that her full stipulation "solves the concern in Standard Fire" because it states that "if [Muller] is replaced as named representative in this Action, [her] *counsel* [emphasis added] stipulates and affirms and covenants that any and all potential class representatives for this Action must similarly stipulate and affirm the above limitation of recovery." This attempted work-around of Standard Fire is unavailing. The effect of the stipulation is the same, regardless of whether it is Muller herself or her counsel—speaking on behalf of any future class representative—promising to limit recovery for the entire class. It is still an effort

4

to "legally bind members of the proposed class before the class is certified," in direct contravention of Supreme Court precedent. Standard Fire, 568 U.S. at 593.

In her motion, Muller also argues that Blue Diamond has not met its burden to show that the amount in controversy exceeds $5,000,000. Blue Diamond has submitted two affidavits that offer estimates as to the potential amount in controversy. The first affidavit, from Christian Albitz, Blue Diamond's Vice President of Sales, North America Consumer, asserts that "retailers in Missouri have sold a total of 2 million units of Smokehouse Almonds over the proposed putative class period, May 2017 though May 2022, for a total of $10,831,340.00 in retail sales." Courts may consider affidavits of total sales figures as evidence establishing CAFA's amount in controversy. See, e.g., Raskas v. Johnson & Johnson, 719 F.3d 884, 887-88 (8th Cir. 2013).

While the total sales figure alone already exceeds CAFA's jurisdictional minimum, Blue Diamond also provided estimates as to the potential cost of injunctive relief and attorneys' fees. The Eighth Circuit has not decided whether to adopt the "plaintiff's viewpoint" rule or the "either viewpoint rule" when determining the value of potential injunctive relief in CAFA cases. See Waters, 873 F.3d at 636.[1] Blue Diamond contends that "the correct measurement is from the

---

[1] In non-CAFA cases, the Eighth Circuit has adopted the plaintiff's viewpoint rule. See, e.g., Smith v. Am. States Preferred Ins. Co., 249 F.3d 812, 813 (8th Cir. 2001); Burns v. Massachusetts Mut. Life Ins. Co., 820 F.2d 246, 248 (8th Cir. 1987).

5

defendant's perspective."  Blue Diamond also notes that Muller's complaint does not identify the specific injunctive relief she seeks, but believes that it would involve changing the labels of all Smokehouse Almond products sold in Missouri.  According to the affidavit submitted by Maya Erwin, Blue Diamond's Vice President of Innovation and Research and Development, North America Consumer, it would cost the company "at least $11,600,000" to comply.

Finally, Blue Diamond estimates that attorneys' fees could reasonably total $3,547,679.19 (33% of the estimated actual damages).  "A class-action MMPA case involves some measure of 'risk and complexity' that often generates considerable fees."  Waters v. Home Depot USA, Inc., 446 F.Supp.3d 484, 492-93 (E.D. Mo. 2020) (citation omitted).  Courts in this circuit have recognized that a 33% attorneys' fee award is possible in these cases.  See, e.g., Schott v. Overstock.com, Inc., 2021 WL 148875, at *4 (E.D. Mo. Jan. 15, 2021); Harrington Enter., Inc. v. Safety-Kleen Sys., Inc., 42 F.Supp.3d 1197, 1201 (W.D. Mo. 2013).

Taken together, the above-discussed estimates far exceed CAFA's $5,000,000 threshold.  Muller did not contest these figures in her reply brief or offer any of her own specific estimates as to the amount in controversy in this case.[2]  Based on the

---

[2] In her motion, Muller stated that her total recovery could be "approximately $1 million, far less than the requisite $5 million amount in controversy."  She did not provide calculations explaining how she arrived at this number and did not elaborate on this argument in her reply brief.  In fact, in her reply brief, she concedes that Blue Diamond has met its burden to provide evidence supporting removal and argues only that the case should be remanded because of her damages stipulation.

record before me, I find that Blue Diamond has met its burden to show, by a preponderance of the evidence, that the amount in controversy exceeded $5,000,000 when this case was removed. This Court therefore has subject matter jurisdiction under CAFA.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Beth Peacock Muller's motion to remand, [11], is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of September, 2022.